**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS**
**CHICKASAWBA DISTRICT**
**CIVIL DIVISION**



WILLIAM UTLEY

3:06CV00120 JMM

VS.                          CASE NO.: CV-2006- 147     (DA) **JURY TRIAL DEMANDED**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.**                                                   **DEFENDANT**

## COMPLAINT

COMES NOW the Plaintiff William Utley, by and through counsel, and petitions this

Court for relief from Defendant's violations of the Fair Credit Reporting Act and Defamation 15

U.S.C.§§1681, *et. seq.*, and in support thereof, states as follows:

### I.     PARTIES AND JURISDICTION

1. Plaintiff William Utley is an adult resident citizen of Mississippi County, Arkansas.

2. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as

defined at 15 U.S.C. §1681a(f) of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et. seq.*, and

is a nonresident, foreign corporation, duly authorized to conduct business in the State of

Arkansas, organized under the laws of Ohio, with a principal place of business in Orange,

California. Pursuant to Rule 4(d)(5) of the Arkansas Rules of Civil Procedure, Defendant may

be served with process of this Court by personally delivering to the following registered agent,

copies of the Complaint and Summons:

> The Corporation Company
> Registered Agent for Experian Information Solutions, Inc.
> 425 West Capitol Avenue, Suite 1700
> Little Rock, Arkansas 72201

3.   Venue is proper in the Circuit Court of Mississippi County, Arkansas, which has subject matter jurisdiction pursuant to 15 U.S.C. §1681p.

## II.   FACTS

4.   On or about May 01, 2005, Defendant Experian reported as "past due" an alleged account of Plaintiff, William Utley, with CBUSA Sears.

5.   In February 2006, upon discovering the inaccurate information on his credit report, Utley contacted Defendant Experian and advised the Defendant that the information reported was inaccurate.

6.   In February 2006, Utley provided Defendant Experian with clear and specific information as to the inaccuracy of the reported CBUSA Sears account.  Specifically, Plaintiff advised Experian that the alleged account was the result of the Sears store in Blytheville, Arkansas, charging his CBUSA Sears mastercard two (2) times for the same riding lawnmower. Utley was charged $1,515.82 on Sears salescheck number 31979017436 on 03-27-2004, and a second time for the same lawnmower on Sears salescheck number 031979017489.  Sears salescheck number 31979017436 was paid in full on Sears salescheck number 031979022251 on 04-19-2004.

7.   On or about February 01, 2006, Defendant Experian responded to Utleys' inquiry, advising Utley that it would investigate the matter and report its findings.

8.   On or about March 01, 2006, Defendant Experian advised Utley that the account had been verified and updated as **"correct"** per Experian's investigation.

9.   Utley has been reviewed and denied for credit based upon the negative information reported by Defendant Experian.

## III.  CAUSE OF ACTION (FAIR CREDIT REPORTING ACT)

10. Plaintiff William Utley restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 9., of the Petition.

11. The actions and inactions of Defendant Experian constitute violations of and willful noncompliance with the express statutory requirements of the Fair Credit Reporting Act, 15 U.S.C.§1681, *et. seq.*, including, but not limited to the following:

a.  The Defendant failed to properly investigate the notice of dispute regarding the false entry on Plaintiff William Utleys' credit report in violation of and in willful noncompliance with 15 U.S.C. §1681i(a)(1)(A).

b.  The Defendant failed to exercise its non-discretionary duty to review and consider all relevant information submitted by the Plaintiff in violation of and in willful noncompliance with 15 U.S.C. §1681i(a)(4).

c.  The Defendant failed to promptly notify the furnisher of the incorrect information of Plaintiffs' dispute in violation of and in willful noncompliance with 15 U.S.C. §1681i(a)(2)(A).

d.  The Defendant failed to provide to the furnisher of incorrect information the relevant evidence presented to Experian in support of Plaintiff's dispute in violation of and in willful noncompliance with 15 U.S.C. §1681i(a)(2)(B).

e.  The Defendant failed to promptly delete false information upon finding the disputed report inaccurate, incomplete, or unverifiable in violation of and in willful noncompliance with 15 U.S.C.§1681i(a)(5)(A).

f.  The Defendant failed to provide Plaintiff with notification of the results of the reinvestigation in violation of and in willful noncompliance with 15 U.S.C.§1681i(a)(6).

-3-

12. As a direct and proximate cause of the foregoing, each of which constitutes a violation of and willful noncompliance with the Fair Credit Reporting Act, 15 U.S.C.§1681 *et. seq.*, Defendant suffered actual pecuniary damages and damages to his reputation, including, but not limited to the loss of lines of credit, unfavorable credit decisions, and the emotional suffering and embarrassment attendant therewith.

13. Plaintiff William Utley is entitled to recover of and from Defendant Experian his actual damages, or alternatively, to recover statutory damages pursuant to 15 U.S.C. §1681n.

14. In addition to his actual or statutory damages, Plaintiff William Utley is entitled to recover punitive damages pursuant to 15 U.S.C.§1681n(a)(2) in an amount that the Court will allow to compensate for the Defendant's willful noncompliance with the Fair Credit Reporting Act and the Defendant's conscious disregard for the truth of the information reported.

15. In addition to actual or statutory damages and punitive damages, Plaintiff is entitled to the costs of the action, together with reasonable attorney's fees as determined by the court pursuant to 15 U.S.C.§1681n(a)(3).

WHEREFORE, PREMISES CONSIDERED, Plaintiff William Utley prays that this Court enter judgment against Defendant Experian for such damages as are fair and reasonable to compensate Plaintiff for his damages; or alternatively, for statutory damages pursuant to 15 U.S.C. §1681n; for punitive damages pursuant to 15 U.S.C. §1681n(a)(2); reasonable attorney's fees; for all costs of court; and for such other and further relief as may be just and proper.

Respectfully submitted,

WILLIAM UTLEY, Plaintiff



By: _____
WENDELL L. HOSKINS II
Arkansas Bar No.: 93070

-4-

LAW OFFICE OF
WENDELL L. HOSKINS II
Attorney for Plaintiff
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830

Phone: 573-333-2600
Fax:    573-333-2041